**STATE, Plaintiff, v. KEARNS et, Defendants.**

Common Pleas Court, Franklin County.

No. 34978. Decided February 25, 1955.

70

Robert E. Albright, Justin L. Sillman, R. Rush Warren, Columbus, for state.

John J. Chester, James C. Britt, Milton L. Farber, Columbus, for defendants.

## OPINION

By BARTLETT, J.

1. THE MOTIONS OF THE ACCUSED TO STRIKE THE BILL OF PARTICULARS FROM THE FILES, ARE OVERRULED.

2. THE MOTIONS OF THE ACCUSED THAT THE LAST PARAGRAPH OF THE BILL OF PARTICULARS BE STRICKEN OUT, ARE OVERRULED.

3. THE DEMURRER OF THE DEFENDANT KEARNS TO THE INDICTMENT IS OVERRULED.

4. THE INDICTMENT SETS FORTH SUFFICIENTLY ALL THE ESSENTIAL ELEMENTS OF THE CRIME OF THE ACCUSED SOLICITING A BRIBE, TO INFLUENCE THEM WITH RESPECT TO THEIR OFFICIAL DUTIES AS PROSECUTING ATTORNEY AND SECRET SERVICE OFFICER, RESPECTIVELY OF THEIR COUNTY.

5. THE INDICTMENT, SUPPLEMENTED BY THE BILL OF PARTICULARS, AVERS WITH REASONABLE CERTAINTY ALL OF THE MATERIAL FACTS WHICH IT IS NECESSARY TO PROVE IN ORDER TO SUSTAIN A CONVICTION, AND DOES SO WITH SUCH REASONABLE CERTAINTY AS TO ADVISE THE ACCUSED WHAT THEY MAY EXPECT TO MEET AT THEIR TRIAL.

The indictment in substance charges that on or about a certain date Frank H. Kearns and Fred W. Selby as prosecuting attorney of his county and his employee as secret service officer respectively, did solicit money from one Dr. D. N. Sandoe to influence them with respect to their official duties.

A bill of particulars supplementing the indictment was filed upon order of the Court, setting forth in substance that said bribe was solicited by the defendants on or about October 8, 1953, in the office of Dr. D. N. Sandoe in Columbus, Ohio; and that the defendants tried to encourage and induce Dr. Sandoe to engage freely in the performing of illegal abortions in this county when requested by prospective patients, without fear or danger of any interference or investigation by said Selby as Secret Service officer or any interference or prosecution by said Kearns as prosecuting attorney of said county.

"22. The essential elements in an indictment for bribery as respects solicitation or acceptance of a bribe are: (1) venue; (2) capacity of defendant, as a state or other officer; (3) either before or after his election or appointment; (4) corruptly solicits or accepts; (5) any valuable thing; (6) influence him with respect to his official duty or to influence his action, vote, opinion or judgment in a matter pending, or that might legally come before him; and (7) a statement of time of commission." **State v. Carney,** 28 Abs 555; see also, 7 O. Jur. 2d. Bribery, Sec. 18, p. 708.

The Court is of the opinion that the indictment sets forth sufficiently all the essential elements of the crime of the accused soliciting a bribe, to influence them with respect to their official duties as prosecuting attorney and his secret service officer respectively

An indictment is sufficient if the requisite allegation can be reasonably inferred from other allegations contained therein. It is not necessary to charge that a definite sum of money was offered or solicited. 7 O. Jur. 2d. Bribery, Sec. 18, p. 708; State v. Peer (app.), 31 Abs 606, dismissed for want of debatable constitutional question, 135 Oh St 626; Watson v. State, 39 Oh St 123.

An indictment for bribery need not set forth any specific acts the officer is to do or permit to be done. State v. Lang, 5 N. P. (N. S.) 369, Evans, J., of Franklin County; 7 O. Jur., Bribery, Sec. 18, p. 709

The indictment supplemented by the bill of particulars, avers with reasonable certainty all of the material facts which it is necessary to prove in order to sustain a conviction, and does so with such reasonable certainty as to advise the accused what they may expect to meet at their trial. 7 O. Jur. 2d., supra, p. 708.

The truth or accuracy of the averments in the bill of particulars cannot be challenged by a motion.

An indictment is not "defective for surplusage or repugnant allegations, when there is sufficient matter alleged to indicate the crime and the person charged therewith." State v. Lang, supra; §2941.08 R. C. By analogy the same rule would apply to the bill of particulars.

The motions of the accused to strike from the files the bill of particulars, are overruled.

The motions of the accused to strike out the last paragraph of the bill of particulars, are overruled.

The demurrer to the indictment by the defendant Kearns is overruled.